LEE LITIGATION GROUP, PLLC
C.K. Lee
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

INES LOPEZ,
*on behalf of herself,*
*FLSA Collective Plaintiffs*
*and the Class,*

                Plaintiff,

                v.

THE LOBSTER PLACE INC.
    d/b/a THE CULL & PISTOL
MANHATTAN LOBSTER PLACE, LLC
    d/b/a THE LOBSTER PLACE SEAFOOD
    MARKET
and IAN MACGREGOR,

                Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

       Plaintiff, INES LOPEZ ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against THE LOBSTER PLACE INC. d/b/a THE CULL & PISTOL, MANHATTAN LOBSTER PLACE, LLC d/b/a THE LOBSTER PLACE SEAFOOD MARKET, (the "Corporate Defendants") and IAN MACGREGOR (the "Individual Defendant," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid overtime wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid accrued vacation time, (3) unpaid spread of hours premium, (4) improperly deducted meal credits, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, INES LOPEZ, for all relevant time periods, was a resident of Queens County, New York.

6. Defendants collectively own and operate two businesses operating inside Chelsea Market, located at 75 9th Avenue, New York, NY 10011:

    (a) "The Cull & Pistol", and

    (b) "The Lobster Place Seafood Market"

(collectively, the "Businesses"). The Businesses are operated as a single integrated enterprise, under the common control of the Individual Defendant. Specifically, the Businesses are engaged in related activities, share common ownership and have a common business purpose. The Businesses are advertised and marketed jointly on the website https://lobsterplace.com/. The Businesses are located next door to each other in the Chelsea Market. Non-exempt employees and supplies are interchangeable among the Businesses.

7. Defendants operate the Businesses through the following Corporate Defendants:

(a) THE LOBSTER PLACE INC. d/b/a THE CULL & PISTOL is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 75 9th Ave, New York, NY 10011. Defendants operate THE CULL & PISTOL through Corporate Defendant THE LOBSTER PLACE INC.

(b) MANHATTAN LOBSTER PLACE, LLC d/b/a THE LOBSTER PLACE SEAFOOD MARKET is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at 75 9th Ave, New York, NY 10011. Defendants operate THE LOBSTER PLACE SEAFOOD MARKET through Corporate Defendant MANHATTAN LOBSTER PLACE, LLC.

8. Individual Defendant IAN MACGREGOR is an owner and principal of each of the Corporate Defendants. Individual Defendant IAN MACGREGOR exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant IAN MACGREGOR frequently visits each of the Businesses. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire

employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Businesses could complain to Individual Defendant IAN MACGREGOR directly regarding any of the terms of their employment, and Individual Defendant IAN MACGREGOR would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant IAN MACGREGOR exercised functional control over the business and financial operations of all Corporate Defendants. Individual Defendant IAN MACGREGOR had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the Regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including, servers, bussers, bartenders, runners, line cooks, food preparers, dishwashers, sous-chefs and chefs) employed by Defendants at the Businesses on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been

similarly situated and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages due to times shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS**

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, behalf of all current and former non-exempt employees (including, servers, bussers, bartenders, runners, line cooks, food preparers, dishwashers, sous-chefs and chefs) employed by Defendants at the Businesses on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to Defendants' corporate practices of (i) failing to pay proper compensation for all hours worked, (ii) failing to pay spread of hours premium, (iii) deducting an improper meal credit, (iv) failing to provide wage statements per requirements of the NYLL, and (v) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Defendants and other employers throughout the country violate the NYLL and applicable state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

   d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

   e. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

   f. Whether Defendants claimed an invalid meal credit;

   g. Whether Defendants paid the spread of hours premium owed to employees working more than ten hours per day as required by the NYLL.

   h. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws; and

   i. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws.

**STATEMENT OF FACTS**

22.     In or around April 2013, Plaintiff INES LOPEZ was hired by Defendants to work as a food preparer at Defendants' "THE CULL & PISTOL", located in the Chelsea Market at 75 9th Ave, New York, NY 10011. In or around January 2014, Plaintiff was promoted to a line cook. In or around January 2016, Plaintiff was promoted to sous chef. On or about April 9, 2019, Plaintiff resigned.

23.     From the start of Plaintiff INES LOPEZ's employment with Defendants through December 2013, Plaintiff INES LOPEZ was regularly scheduled to work forty (40) hours per week from 7:00am to 3:00pm, for five days a week. From in or around January 2014 through December 2015, Plaintiff was regularly scheduled to work fifty (50) hours per week from 8:00am to 6:00pm, for five days a week.

24.     Throughout her employment with Defendants, Plaintiff INES LOPEZ occasionally worked over ten (10) hours per day. FLSA Collective Plaintiffs and Class members similarly worked over ten (10) hours per workday occasionally.

25.     From in or around April 2013 until December 31, 2013, Plaintiff INES LOPEZ's hourly wage was $13.00 per hour. From January 1, 2014 until December 31, 2015, Plaintiff's hourly wage was $14.00 per hour.

26.     From in or around April 2013 through December 2015, Plaintiff INES LOPEZ was regularly required to work without any breaks even though Defendants automatically deducted a thirty (30) minute meal break for each workday because she was regularly interrupted and forced to work through her break, resulting in unpaid wages due to Defendants' time shaving policy. During weeks in which her work hours exceeded 40 per week, such time shaved hours were overtime hours. FLSA Collective Plaintiffs and Class members worked and continue to

work similar hours and are similarly deducted an automatic 30 minute meal break per work day even though they were not permitted a free and clear meal break. At all relevant times, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs, and Class members their full wages for all hours worked.

27. From in or around April 2013 through December 2015, Defendants claimed a $16.00 meal credit per week, which was deducted from Plaintiff's wages weekly, regardless of whether Plaintiff had a break time to eat. Notwithstanding the lack of a break to eat meals, Defendants did not satisfy the regulatory meal credit requirements because Defendants did not provide at least one item from each food group. The meals regularly failed to contain either protein, grains or potatoes, or fruits or vegetables. At all times, employees were only permitted to drink water. Class Members were similarly deducted $16.00 for a meal credit even though they were not provided free and clear breaks for meals and meals did not contain an item from each food category.

28. From in or around January 2016 through the end of Plaintiff INES LOPEZ's employment, Plaintiff worked approximately fifty (50) hours per week, from 7:00 am to at least 5:00 pm. Plaintiff worked without any breaks. Plaintiff regularly worked over 40 hours per week. Other sous chefs and chefs also worked similar hours that regularly exceeded 40 hours per week. During this employment period, Defendants did not maintain a tracking system to track employees for all their hours worked.

29. From January 2016 to December 2017, Plaintiff INES LOPEZ was compensated at a fixed weekly salary of $807.69 per week by check, regardless of how many hours she worked each workweek. From January 2018 until on or about April 9 2019, Plaintiff was compensated at a fixed weekly salary of $1,057.69 per week by check, regardless of how many

hours she worked each workweek. Plaintiff was not compensated for any overtime premium for hours worked over forty (40). There was never any agreement that Plaintiff's fixed weekly salary was intended to cover any overtime hours worked. In addition, Plaintiff did not get paid any spread of hours premium for workdays that exceeded ten (10) hours. Other sous chefs were similarly compensated on a fixed salary basis and were not paid an overtime premium for hours worked in excess of forty (40) per week. There was never any agreement that their fixed salary was intended to cover any overtime.

30. From January 2016 until on or about April 9, 2019, Plaintiff INES LOPEZ's primary duties as a non-executive sous chef did not include managerial responsibilities. Plaintiff's duties included prepping food for service, cooking and helping out when needed in the kitchen. Other sous chefs and line cooks shared similar duties with Plaintiff. Plaintiff did not have the authority to hire, fire, or promote other employees. Plaintiff did not make recommendations as to the hiring, firing or advancement of other employees. In addition, she did not have the power to set the pay rates or work hours of other employees. Similarly, other sous chefs also did not have the authority to (i) hire, fire, or promote other employees, (ii) make recommendations as to the hiring, firing, or advancement of other employees, or (iii) set the pay rates or work hours of other employees. If the employees had any complaints or requests to change their employment conditions, such complaints or requests were handled by Individual Defendants.

31. At the time of Plaintiff's resignation on April 9, 2019, Plaintiff INES LOPEZ had accrued approximately 160 vacation hours. Defendants did not inform Plaintiff, about the existence of any vacation forfeiture policy. As a result, under NYLL § 198-c, Defendants must

compensate Plaintiff for all of her accrued, unused vacation time. However, upon Plaintiff's resignation, Plaintiff was not compensated for her approximately 160 accrued vacation hours.

32. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

33. Plaintiff and Class members received wage statements that were not in compliance with the NYLL. Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

34. At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were required to work in excess of forty (40) hours each workweek.

35. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time shaving.

36. Defendants unlawfully failed to compensate Plaintiff, FLSA Collective Plaintiffs, and Class members their proper overtime at one and a half the regular rate for all hours worked, resulting in unpaid overtime premium.

37. Defendants unlawfully failed to pay Plaintiff and Class Members spread of hours premium payments, even though Plaintiff and Class Members regularly worked shifts exceeding ten (10) hours in duration.

38. Defendants knowingly and willfully operated their business with a policy of claiming an invalid meal credit in violation of the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff for her accrued vacation hours in violation of the NYLL § 198-c.

40. Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

47. At all relevant times, Defendant engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

48. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and an equal amount as liquidated damages.

52. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

53. Plaintiff realleges and reavers Paragraphs 1 through 52 of this Class and Collective Action Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

55.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper wages in the lawful amount for hours worked.

56.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) or more hours.

57.     Defendants willfully violated Plaintiff's and Class members' rights by improperly claiming a meal credit. Defendants failed to provide the requisite time in which to eat, Defendants claimed meal credit for meals that were not provided and when Defendants provided the meal, Plaintiff and Class members were not provided the requisite meal options meeting the regulatory requirements, in violation of the NYLL requirements.

58.     Defendants willfully violated Plaintiff's rights by failing to compensate Plaintiff for her unpaid accrued vacation time upon her resignation as required by NYLL §198-c.

59.     Defendants knowingly and willfully operated their business with a policy of not providing wage notices and wage statements as required under the NYLL.

60.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their compensation for unpaid wages, unpaid spread of hours, invalid meal credits, compensation for unpaid accrued vacation hours, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of unpaid compensation due to Defendants' invalid meal credit deductions due under the NYLL;

f. An award of Plaintiff's unpaid compensation for accrued vacation hours due under the NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with the wage notice and wage statement requirements of the NYLL;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay spread of hours premium pursuant to the NYLL;

j. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 23, 2019

                                                    Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA*
*Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee, Esq.